## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SODEXO OPERATIONS, LLC | : | |
| | : | |
| *Plaintiff*, | : | Case No.: 21-cv-1856 (RJC) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PITTSBURGH – OF | : | |
| THE COMMONWEALTH SYSTEM OF | : | |
| HIGHER EDUCATION, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

## STIPULATED CONFIDENTIALITY  AND PROTECTIVE ORDER

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. Any information, such as testimony (including transcripts thereof), documents, interrogatory answers, or other materials provided by a Producing Party, and which the Producing Party reasonably and in good faith contends contain a trade secret or confidential information proprietary to it and therefore entitled to protection (hereafter collectively referred to as "confidential information"), may be designated, on the terms and conditions hereafter set forth, as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" and, except as permitted by further order of the Court or by written agreement of the Producing Party,

such information shall be treated by the party receiving the same (hereafter "the Receiving Party") upon the terms and conditions of this Protective Order.

## PROCEEDINGS AND INFORMATION GOVERNED

2.     Litigation Materials which may be designated "CONFIDENTIAL" shall be limited to those materials that, in the good faith belief of a party and/or non–party witness, contain or refer to trade secrets and sensitive, non-public business or financial information regarding the producing party or its affiliates; proprietary information regarding the producing party or its affiliates; or any other information of a confidential or proprietary nature, the disclosure of which would or might be harmful to the proprietary or business interests of the producing party or its affiliates.  Some examples of such sensitive, non-public, business information that may be marked as "CONFIDENTIAL" include, without limitation: (i) business and marketing plans; (ii) proprietary technical information; (iii) trade secrets; (iv) product development and planning; (v) financial statements or results; (vi) customer lists and information (including any personally identifiable information or other sensitive information regarding customers); (vii) competitive analyses; (viii) costs or pricing of goods and services; (ix) plans and projections; (x) research; (xi) transactions; (xiii) strategies; (xiv) tax data; and (xv) any other sensitive, non-public business information.

3.     Litigation Materials which may be designated "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be limited to those that, in the good faith belief of the producing party, may contain or reveal any highly sensitive, non-public, business or personal information.  Some examples of such highly sensitive, non-public, business or personal information that may be marked as "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" include, without limitation: (i) product composition, including but not limited to subcomponents thereof, the manufacturing process, trade secrets and proprietary technical information; (ii) confidential research and development, financial, technical, or other sensitive trade secret

information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter; and (iii) any other highly sensitive, non-public business information, the disclosure of which would be harmful to the proprietary or business interests of the producing party, its affiliates, or other parties to any contracts.

<strong>TREATMENT AND USE OF "CONFIDENTIAL" AND<br>"ATTORNEYS' EYES ONLY" LITIGATION MATERIALS</strong>

4.      Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" may be used only for purposes of preparation, trial, and appeal of this lawsuit.  The law relating to the inadvertent disclosure of privileged information shall apply in all cases governed by this Protective Order.

5.      It is the responsibility of counsel for each party to maintain Litigation Materials containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" information in a secure and appropriately identifiable manner so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

6.      <u>Permitted Uses and Disclosures of "CONFIDENTIAL" Litigation Materials</u>. Subject to the terms, conditions, and restrictions of this Protective Order, except as otherwise provided by further written stipulation of the parties or by order of Court, "CONFIDENTIAL" Litigation Materials may be disclosed to or discussed with only the following persons:

a.      the parties and their respective in-house and outside counsel, including the members, partners, associates, paralegals, and clerical staff of the law firm of said counsel;

b.      officers, agents, and employees of the parties, as reasonably necessary for the purposes of this action, including individuals who are required in good

faith to provide assistance in the conduct of this litigation, including any settlement discussions;

c.   the Court and court personnel, deposition officers, court reporters, and videographers used in the connection with this action;

d.   any mediator, arbitrator, or provider of alternative dispute resolution services retained by the parties in connection with this action;

e.   employees of outside copying, printing, binding, computer input, document management or e-discovery services, used by the parties for the purposes of litigation support with respect to this action;

f.   as to any document, its authors, its addressee, and any other person shown on the face of the document to have received a copy;

g.   persons who have been retained or otherwise consulted by any party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants, private investigators, or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action, provided the expert or consultant signs the Nondisclosure Agreement in the form annexed hereto marked as **Exhibit A**;

h.   deponents and witnesses in this action, and former employees of the parties, provided that such individuals shall not retain "CONFIDENTIAL" Litigation Materials, but may inspect it as necessary for the purposes of preparation or examination;

i.   any other person agreed to by the party that produced such "CONFIDENTIAL" Litigation Materials.

Disclosure of "CONFIDENTIAL" Litigation Materials pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

7.      Before a party discloses any documents or thing designated as "CONFIDENTIAL" to any person specified in paragraphs 13(g), 13(h), or 13(i) above (each, a "Third Party"), the disclosing party will make the contents of this Protective Order known to such Third Party and will further make the existence of this Protective Order and the confidential nature of such documents known to such Third Party.

8.      <u>Permitted Uses and Disclosures of "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials</u>.  Subject to the terms, conditions, and restrictions of this Protective Order, except as otherwise provided by further written stipulation of the parties or by order of Court, <u>"HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY"</u> Litigation Materials may be disclosed to or discuss with only the following persons:

    a.    counsel of the receiving party, including in-house counsel, paralegals and clerical staff of the in-house legal department, and outside counsel, and the members, partners, associates, paralegals, and clerical staff of the law firm of said outside counsel;

    b.    the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this action;

    c.    any mediator, arbitrator, or provider of alternative dispute resolution services retained by the parties in connection with this action;

    d.    employees of outside copying, printing, binding, computer input, document management or e-discovery services, used by the parties for the purposes of litigation support with respect to this action;

e.    persons who have been retained or otherwise consulted by any party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants, or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action, provided the expert or consultant signs the Nondisclosure Agreement in the form annexed hereto marked as **Exhibit A**;

f.    as to any document, its authors, its addressee, and any other person shown on the face of the document to have received a copy;

g.    any director, officer, employee, or agent of the company for which the person is testifying as a Rule 4007.1(e) designee;

h.    any director, officer, employee, or agent of the designating party; and

i.    any other person agreed to by the party that produced such Confidential information.

Disclosure of "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

9.    In the event of disclosure under paragraphs 13 and 15, only the reporter, the person, his or her counsel, the Court, and persons to whom disclosure may be made, and/or who are bound by the Order, may be present during the disclosure or discussion of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials.

10.    Counsel disclosing Litigation Materials pursuant to the terms of this Protective Order to an expert, consultant or third-party in a deposition shall require the expert, consultant or Third-Party deponent to execute a signed Confidentiality Agreement in the form attached as **Exhibit A**.   Further, to the extent that any document marked by a Third Party as

"CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" is disclosed to an expert, consultant, or third-party in connection with an expert report or deposition, then counsel for the offering party must designate the expert report, exhibit, and/or corresponding testimony, in a manner that is consistent with the Third-Party's confidentiality designation. Further, counsel shall be responsible for the adherence by third party vendors to the terms and conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as **Exhibit B**.

### DESIGNATION AND MAINTENANCE OF LITIGATION MATERIALS AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL: ATTORNEY EYES ONLY"

11.     Designation of the foregoing specific categories does not constitute an admission by any party as to the discoverability of any information.

12.     Confidential information shall be designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," as appropriate, in the following ways:

> a.     In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," as appropriate.

> b.     In the case of interrogatory answers, by writing in the vicinity of the written interrogatory answer either the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," as appropriate.

> c.     In the case of tangible items other than documents or interrogatory answers, by visibly marking the item with either the designation "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," as appropriate.

d.  In the case of testimony, by designating on the record during the taking of such testimony those portions thereof which the Producing Party contends compromise "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" information, as appropriate.   If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order.   Any party may also designate information disclosed at such deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" thereafter.   Until the expiration of this thirty-day period, all depositions shall, unless otherwise designated, presumptively be treated as "CONFIDENTIAL" information. To the extent possible, the court reporter shall segregate into a separate transcript information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY."

13.   With respect to all confidential information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" by a Producing Party, such confidential information shall not be given, shown, made available, discussed, or otherwise

communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive such confidential information under the terms of this Protective Order.  This Protective Order shall not bar any attorney herein in the course of rendering advice to his/her client with respect to this case from conveying to any party client his/her evaluation in a general way of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

14.    Any documents (including briefs), tangible things or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial must be filed in accordance with this Court's procedures regarding same.

## **INADVERTENT FAILURE TO DESIGNATE LITIGATION MATERIALS**

15.    If, through inadvertence, a Producing Party provides or files any confidential information without designating the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" in accordance with the procedures of Paragraph 5, or if an authorized person breaches any of his or her obligations under this Protective Order, counsel who learns of such unauthorized disclosure or breach shall (to the extent consistent with applicable ethical cannons and/or rules) immediately give notice of such unauthorized disclosure or breach to the other counsel of record, disclose the circumstances of the unauthorized disclosure or breach, and take all actions reasonably necessary to mitigate the harm caused by such unauthorized disclosure or breach. The Producing Party may subsequently inform the Receiving

Party in writing that the confidential information is either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," as appropriate, and the Receiving Party shall thereafter treat the disclosed confidential information accordingly; provided, however, that no liability shall attach to the Receiving Party for any disclosure of confidential information not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" which is made prior to receiving from the Producing Party the written notice required under this paragraph.

16.     If a Party discloses information that is subject to a claim of attorney client privilege, attorney work product, or joint defense privilege/common-interest privilege protection ("Privileged Disclosures"), such disclosure shall not constitute or be deemed a waiver or other forfeiture of any claim of privilege or attorney work product protection that the Party making the disclosure would otherwise be entitled to assert with respect to either the disclosed information or its subject matter.  The Parties are entitled to make Privileged Disclosures without first reviewing such materials for privilege or work product protection, and may subsequently assert a claim of privilege or work product protection with respect to such materials.  Except in the event that the requesting Party disputes the privilege claim, any documents which the producing Party claims to have produced Privileged Disclosures shall be, upon written request, promptly returned to the producing Party or destroyed at the producing Party's option.  This includes all copies, electronic or otherwise, of any such documents.  In the event that the producing Party requests destruction, the requesting Party shall provide written certification of compliance within five (5) business days of such written request.  In the event that the requesting Party disputes the producing Party's claim as to the protected nature of the Privileged Disclosures, a single set of copies may be sequestered and retained for the sole purpose of seeking a determination as to the assertion of privilege.  No

Privileged Disclosures may, after notice of the claim of privilege, be used as evidence against the producing Party or disclosed to any third-Parties.  Should a requesting Party challenge the assertion of privilege, that challenging Party may not use or disclose the document without a resolution allowing such disclosure by either agreement of the Parties and/or Order of Court.  Should any Privileged Disclosures that subsequently are identified by the producing Party as such be disclosed to any persons not a Party to this Action, the Party causing such disclosure shall inform the person receiving the Privileged Disclosures that the information is covered by this Order and make its best efforts to retrieve the Privileged Disclosures.  Notwithstanding the foregoing, this Protective Order shall not be deemed to limit a Party's right to withhold privileged or work product protected materials pursuant to law.

## NON-PARTY/THIRD-PARTY INFORMATION

17.     Counsel for the parties shall disclose the existence of this Protective Order to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

18.     Counsel for the parties shall disclose the existence of this Protective Order to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order. The restrictions set forth in this Order will not apply to confidential information: (1) known to the Receiving Party or the public before the date of its transmission to the Receiving Party by the Producing Party; (2) which becomes known to the public after the date of its transmission to the Receiving Party by the Producing Party; provided that such information does

not become publicly known by any act or omission of the Receiving Party, its employees, or agents which would be in violation of this Order or other law; or (3) which becomes independently known to the Receiving Party, at the date of its transmission to the Receiving Party by the Producing Party, from a third party which lawfully possesses such information and which owes no duty of non-disclosure to the Producing Party.

### FILING "CONFIDENTIAL" OR
### "ATTORNEYS' EYES ONLY" LITIGATION MATERIALS

19.     In the event that any party wishes to file or quote from sensitive portions of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials in pleadings, motions or other papers disclosed to the Court as part of a filing, then the party or attorney who wishes to file, or use as an exhibit or as evidence at a hearing or trial shall file such materials under seal in accordance with the provisions of the Federal Rules of Civil Procedure, the Local Rules of Court, any applicable rules or orders of this Court, and/or controlling precedent.  The party filing such "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials shall bear the responsibility for complying with the provisions of this Paragraph.

### DISCLOSURE PURSUANT TO SUBPOENA OR OTHER COMPULSORY PROCESS

20.     If a party receives a subpoena or other compulsory process commanding the production of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials, the party upon whom such discovery is served shall promptly notify the counsel for the party whose material is being sought ("designating party"), in writing, as soon as is practicable (unless to do so would be contrary to law or regulation), so that the designating party may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this Protective Order.  The written notice shall identify the "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials sought, the identity of each person to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials is to be disclosed, and shall enclose a copy of the subpoena, document request or order requesting production. Subject to the duty to comply with the subpoena or document request under applicable law, no production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials shall be made until the designating party has received a reasonable opportunity to consider or respond to the subpoena or document request. If the designating party timely seeks a protective order, disclosure shall not take place until the Court rules on the motion for protective order. In the event that such protective order or other remedy is not obtained, or the designating party waives compliance with the provisions hereof, the party receiving the subpoena or other compulsory process shall furnish only the portion of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials that is legally required or necessary under the circumstances, and shall exercise reasonable efforts to obtain assurances that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials furnished will receive appropriate confidential treatment.

21.     Acceptance by the Receiving Party of any confidential information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" under this Order shall not constitute a concession that such confidential information comprises "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" information, or is otherwise confidential or proprietary to the Producing Party. A party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" at the time made, and a failure to do so shall

not preclude a subsequent challenge thereto.  In the event that any party disagrees at any stage of these proceedings with the designation of any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," or the designation of any person under paragraph 8, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, either party may contest any claim of confidentiality made pursuant to this Protective Order by seeking relief from the Court.  In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

## <u>CONCLUSION OF LITIGATION</u>

22.     Within 60 calendar days after final judgment in this action, including the exhaustion of all appeals, or within 60 calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall, with respect to all originals and unmarked copies of documents and things containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials, either (a) assemble and return the same to the producing party or (b) ensure the destruction of the same and, upon request of the producing party, certify to the producing party such destruction.  However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

23.     This Court's jurisdiction over the parties and their attorneys ends when this Action is terminated.

24.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

## **GENERAL PROVISIONS**

25.   <u>No Prejudice</u>.   Producing or receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" Litigation Materials, or otherwise complying with the terms of this Protective Order, shall not (a) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (b) prevent any party from disclosing its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" information to any person or otherwise using it for any purpose; (c) constitute an admission or admissible evidence that any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" is, in fact, confidential, even if a party has not objected to this designation; (d) prejudice any claim of immunity or privilege with regard to any testimony, documents or information; (e) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (f) prejudice the rights of a party to apply to the Court for further protective orders; or (g) prevent a party from agreeing, in writing, to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

26.   <u>Amendment</u>.   The provisions of this Protective Order may be modified at any time by written stipulation of the parties as approved by an Order of Court.   In addition, a party may at any time apply to the Court for modification of this Protective Order, or any subsequent protective order(s), pursuant to a motion brought in accordance with the rules of the Court.

27.   <u>Continuing Effect</u>.   This Order survives the dismissal, discontinuation, or termination of this action.   Parties and counsel who receive "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials are under a continuing duty to take reasonable measures to protect such documents or information from unauthorized disclosure or dissemination.

28.     Choice of Law.   This Protective Order is to be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania; provided, however, that if the conflict or choice of law rules would choose the law of another State, the parties hereby waive such rules and agree that Pennsylvania substantive, procedural and constitutional law shall nonetheless govern.

29.     Remedies.   This Protective Order may be enforced in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules and orders of Court. The Court shall retain jurisdiction over all of the parties in this action for purposes of any proceeding arising from any alleged violation of this Protective Order.

DATED: June 6, 2023

**AEGIS LAW GROUP LLP**

By:  */s/* Alison Van Horn
      Michael K. Ross (admitted *pro hac vice*)
      Alison Van Horn (admitted *pro hac vice*)
      Serine Consolino (admitted *pro hac vice*)
      801 Pennsylvania Ave, NW, Suite 740
      Washington, DC 20004
      Tel: (202) 737-3500
      Fax: (202) 735-5070
      mross@aegislawgroup.com
      avanhorn@aegislawgroup.com
      sconsolino@aegislawgroup.com

      Attorneys *for Plaintiff Sodexo Operations, LLC*

**REED SMITH LLP**


      */s/* Jeffrey M. Weimer
      Jeffrey M. Weimer
      PA I.D. No. 208409
      jweimer@reedsmith.com
      Brian J. Willett
      PA I.D. No. 319099
      bwillett@reedsmith.com

      REED SMITH LLP
      225 Fifth Avenue, Suite 1200
      Pittsburgh, Pennsylvania 15222
      (412) 288-3131 office
      (412) 288-3063 fax

      *Counsel for University of Pittsburgh*

SO ORDERED,

DATED:   June 6, 2023

/s/Robert J. Colville
_____
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SODEXO OPERATIONS, LLC | : | |
| | : | |
| *Plaintiff,* | : | Case No.: 21-cv-1856 (RJC) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PITTSBURGH – OF | : | |
| THE COMMONWEALTH SYSTEM OF | : | |
| HIGHER EDUCATION, | : | |
| | : | |
| *Defendant.* | : | |
| _____ | : | |

**<u>ACKNOWLEDGEMENT</u>**

I, _____, state that:

1.      I have received a copy of the Stipulated Confidentiality Agreement and Protective Order (the "Stipulation") entered in the above-entitled Action.

2.      I have carefully read and understand the provisions of the Stipulation.

3.      I will comply with all of the provisions of the Stipulation.

4.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Action, any confidential information that is disclosed to me. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

5.      I will return all confidential information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Action.


DATED:                                            _____

**EXHIBIT B**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SODEXO OPERATIONS, LLC | : | |
| | : | |
| *Plaintiff,* | : | Case No.: 21-cv-1856 (RJC) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PITTSBURGH – OF | : | |
| THE COMMONWEALTH SYSTEM OF | : | |
| HIGHER EDUCATION, | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

**<u>CONFIDENTIALITY AGREEMENT FOR THIRD PARTIES</u>**

I hereby affirm that:

Information, including documents and things, designated as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials, as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those

specifically authorized by said Protective Order, without the express written consent of the party

who designated such information as confidential or by order of this Court.

Agreed to this _____ day of _____, 20___.

_____